**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN COURTHOUSE**

| | |
|---|---|
| Ahmed Hassan, individually and on behalf of all others similarly situated, | 1:23-cv-00873 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Triborough Bridge and Tunnel Authority and Conduent Incorporated, | Jury Trial Demanded |
| Defendants | |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. E-ZPass refers to an electronic cashless toll collection system allowing drivers to pay tolls without stopping through reading the E-ZPass transponder in their cars.

2. When the toll detection system fails to recognize an E-ZPass tag, a violation notice will be sent to the car owner's address on file with the Department of Motor Vehicles ("DMV").

**I. E-ZPAZZ WEBSITE PREVENTS USERS FROM DISCOVERING VIOLATIONS**

3. E-ZPass users may not receive notice of a violation immediately after it occurs, for reasons including a recent move or mail delays.

4. When such users attempt to ensure their good standing with E-ZPass by checking their online account, they are prevented from adequately doing so.

5. First, violations are often not displayed on a user's account dashboard.

6. Second, the website's information architecture prevents users from discovering violations where they lack the violation number.

7. When searching by license plate, the user will know the zip code, last name and address information, but is likely unaware of the exact "date of travel" a violation occurred.

8. The only option is to perform repeated searches for separate days because it is not possible to select a range of dates.



9. The result is that users who may not receive the violation notices by mail are prevented from complying with their obligations even though they otherwise attempt to.

## II. TOOL FOR SETTLING VIOLATIONS FORCES USERS TO PAY HIGHER FEES

10. Where a user has multiple violations, they can generally select all of them to connect to an E-ZPass account.

11. However, if one is out of date, they will only have the option to pay the total amount.

12. This is because no option exists to separate the violations by those out-of-date and those eligible for resolution.

### Jurisdiction and Venue

13. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA") and federal questions. 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1331.

14. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and over the state law claims by supplemental jurisdiction under 28 U.S.C. § 1367.

15. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

16. Plaintiff is a citizen of New York.

17. Defendant Conduent Incorporated is a citizen of New York and New Jersey.

18. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

19. The members of the class Plaintiff seeks to represent are more than 100, because these issues have affected thousands of drivers over the past several years across the States covered by Plaintiff's proposed classes.

20. Venue is in this Court because a substantial part of the events or omissions giving

3

rise to the claims occurred in Kings County, including Plaintiff's residence, use of E-ZPass and experiences identified here.

## Parties

21. Plaintiff Ahmed Hassan is a citizen of Brooklyn, New York, Kings County.

22. Defendant Triborough Bridge and Tunnel Authority ("TBTA") is an affiliate agency of the Metropolitan Transportation Authority ("MTA"), which operates the E-ZPass system.

23. Defendant Conduent Incorporated is responsible for designing and managing the E-ZPass website for New York and other states.

24. The design of the E-ZPass website was the result of Conduent and TBTA, which approved its design and structure.

25. Plaintiff permitted a family member to use his E-ZPass tag and car but did not add that car to his account.

26. Since Plaintiff moved recently, he regularly checked his account to ensure there were no violations of which he was unaware.

27. Between 2021 and 2023, the family member using Plaintiff's tag incurred a violation.

28. Even though Plaintiff attempted to identify violations where he had not yet received a notice by mail, he was unable to do so because he did not know the exact dates.

29. The result was payment of excessive late fees Plaintiff was forced to pay.

## Class Allegations

30. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following class:

> **New York Class:** All persons in New York who experienced the issues described herein during the statutes of limitations for each cause of action alleged.
>
> **Multi-State Class:** All persons in New Jersey and Connecticut who experienced the issues described

during the statutes of limitations for each cause of action alleged.

31. Common questions of issues, law, and fact predominate and include whether Defendants' actions were and are misleading and if Plaintiff and class members are entitled to damages.

32. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

33. Plaintiff is an adequate representative because his interests do not conflict with other members.

34. No individual inquiry is necessary since the focus is only on Defendants' practices and the class is definable and ascertainable.

35. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

36. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

## New York General Business Law ("GBL") §§ 349 and 350[1]

37. Plaintiff incorporates by reference all preceding paragraphs.

38. Plaintiff attempted to discover violations through the E-ZPass website but was prevented from doing so.

39. Plaintiff suffered damages through paying late fees he otherwise would not have incurred.

---

[1] All causes of action are directed to both defendants.

42 U.S.C. Section 1983 (Violations of the Eighth Amendment and Procedural
Due Process of the United States Constitution) and Violations of Article I,
<u>Sections 5 and 11 of the New York Constitution</u>

40. Defendants are operating under the authority of the government when they collect fees and civil penalties from tolls.

41. Defendant Conduent has been delegated the traditional government functions of traffic enforcement and toll collections by TBTA.

42. The actions described violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and the New York Constitution.

43. Defendants impose fees and penalties for violations which users are unable to discover even with due diligence.

44. Defendants' design and implementation of the E-ZPass website uses "dark patterns" to facilitate sub-optimal choices to the detriment of users.

<u>Breach of Contract</u>

45. Plaintiff and Defendants entered into a contract whereby he used E-ZPass and was responsible for paying for tolls.

46. Defendants breached the contract by making it excessively burdensome and/or impossible to comply with his obligations through the actions identified here.

47. Plaintiff was damaged by late fees as a result of the breach.

<u>Unjust Enrichment</u>

48. Defendants obtained benefits and monies because the violation search features conferred benefits on them at the detriment of Plaintiff and class members.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory and/or punitive damages and interest;

3. Awarding costs and expenses, including reasonable attorney and expert fees; and

4. Other and further relief as the Court deems just and proper.

Dated:   February 4, 2023

                                        Respectfully submitted,

                                        /s/ Spencer Sheehan
                                        Sheehan & Associates, P.C.
                                        60 Cuttermill Rd Ste 412
                                        Great Neck NY 11021
                                        (516) 268-7080
                                        spencer@spencersheehan.com